**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**OLD ST. PAUL MISSIONARY BAPTIST CHURCH**                                          **PLAINTIFF**

v.                               **CASE NO. 3:12CV00102 BSM**

**TEMPLEBLOC, INC.,**
**KENNETH "TED" BLOCKETT, and**
**STATE FARM FIRE AND CASUALTY INSURANCE CO.**        **DEFENDANTS**

**ORDER**

Defendant State Farm Fire and Casualty Insurance Co.'s ("State Farm") motion for summary judgment [Doc. No. 40] is denied on plaintiff Old St. Paul Missionary Baptist Church's breach of contract claim, and is granted on his sstoppel and Ark. Code Ann. § 23-65-101(f) claims.

I. FACTUAL BACKGROUND

Viewing the record in the light most favorable to the nonmoving party, Old St. Paul Missionary Baptist Church ("Old St. Paul"), the facts are as follows. On February 16, 2006, Old St. Paul entered into a contract with Templebloc, Inc. ("Templebloc"), a general contractor, for the construction of the church's new worship center. Templebloc is a Mississippi corporation owned by Kenneth "Ted" Blockett. In order to secure Templebloc's performance of the contract and payment of its subcontractors and materialmen as required by the church's financing bank, Blockett procured surety bonds from First Nation Insurance Group ("FNIG"). Templebloc also held a commercial general liability ("CGL") insurance policy issued by State Farm.

In November and December of 2006, Old St. Paul became concerned that Templebloc was not paying its subcontractors and materialmen. On December 12, 2006, Templebloc walked away from the jobsite, leaving the project uncompleted. Although the parties later met to discuss Templebloc's default, no additional work was performed at the site. On January 30, 2007, Old St. Paul notified FNIG and Templebloc that it was in default of the contract, as required by the performance bonds. FNIG never responded. Old St. Paul subsequently discovered that FNIG was not authorized to issue bonds in Arkansas and that the surety bonds were fraudulent. It also discovered that some of the work done by Templebloc's subcontractors had been improperly performed and caused damage to work that had been properly performed.

On January 10, 2008, Old St. Paul notified State Farm of its claims against Templebloc. State Farm did not respond. Old St. Paul eventually hired another architect and project manager to complete the construction. Old St. Paul also sued FNIG and the individuals involved in issuing the fraudulent bonds and, in 2010, won a multimillion dollar judgment, which it has been unable to recover.

Old St. Paul filed its amended complaint against State Farm, Temblebloc and Blockett on January 7, 2013. It brings claims against Templebloc and Blockett for breach of contract and violations of Arkansas law. It also seeks declaratory relief and damages against State Farm, alleging that the damages sought against Templebloc and Blockett are covered losses under the insurance policy. State Farm has filed a counterclaim, seeking a declaration that it has no obligation to defend Templebloc or Blockett, and now moves for summary

judgment. Templebloc and Blockett have not responded.

## II. LEGAL STANDARD

Summary judgment is proper if, after the evidence is viewed and all reasonable inferences are drawn in the light most favorable to the nonmoving party, no genuine issue of material fact exists. *Christoffersen v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008); Fed. R. Civ. P. 56. In seeking summary judgment, a party bears the responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has demonstrated the absence of a genuine issue of material fact, the nonmoving party must, by affidavits or as otherwise provided for in Rule 56, set forth specific facts showing that there is a genuine issue for trial and may not rest upon the mere allegations or denials of his pleadings. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 587 (1986).

If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which that party bears the burden of proof at trial, the entry of summary judgment against the nonmoving party is mandated by Rule 56(c). *Celotex Corp.*, 477 U.S. at 322. In considering a motion for summary judgment, however, all reasonable inferences are to be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Old St. Paul alleges that Templebloc and Blockett breached the contract by hiring subcontractors who improperly performed work, by refusing to pay subcontractors and materialmen, for failing to account for monies paid by Old St. Paul, and by failing to complete the work. It also alleges that Templebloc and Blockett violated state law by soliciting bonds from FNIG, an unauthorized insurer. Old St. Paul further alleges that these are all covered damages under State Farm's insurance policy. In its motion for summary judgment, State Farm seeks a declaration that the policy affords no coverage for the claims against Templebloc and Blockett and that it has no obligation to defend Templebloc and Blockett. For the reasons set forth below, State Farm's motion for summary judgment is granted in part and denied in part.

A.  Breach of Contract Claim

State Farm's motion for summary judgment is denied as to the breach of contract claim against Templebloc and Blockett. The parties agree that Mississippi law applies in determining whether the policy provides coverage because the policy was issued in Mississippi to Templebloc, a Mississippi corporation. State Farm's argument that no coverage is afforded for the breach of contract damages alleged by Old St. Paul is two-fold. First, State Farm argues that the majority of damages alleged are economic damages and not property damage. Second, State Farm argues that any property damages fall within an exclusion to coverage contained within the policy.

Under Mississippi law, a contract that is clear and unambiguous must be interpreted as written, and a policy must be considered as a whole with all relevant clauses together.

*Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So.3d 1148, 1157 (Miss. 2010). An insurance company's duty to defend hinges on the language of the policy, and is determined by examining the allegations in the complaint or the declaration in the underlying action. *U.S. Fid. & Guar. Co. v. Omnibank*, 812 So.2d 196, 200 (Miss. 2002). Here, the insurance policy states that it provides coverage for damages due to "bodily injury, property damage, personal injury or advertising injury." Property damage must be caused by an "occurrence" and is further defined as "physical injury to or destruction of tangible property, including all resulting loss of use of that property...." The definition also includes "loss of use of tangible property that is not physically injured or destroyed, provided that such loss of use is caused by physical injury to destruction of other tangible property."

Old St. Paul's breach of contract claim alleges damages caused by improperly performed work, as well as damages caused by Templebloc's failure to complete the project and its failure to pay subcontractors and materialmen. At this point, State Farm does not argue that the damages were not caused by an "occurrence" but reserves the right to make that argument at a later time. Setting that issue aside, to the extent that Old St. Paul alleges damages for anything other than damages to tangible property caused by subcontractors' improperly performed work, these damages are not covered under the State Farm policy. This is true because Mississippi law holds that economic losses are not injuries to tangible property, even when the underlying complaint stems from allegations of property damage. *See State Farm Fire and Cas. Co. v. Brewer,* 914 F.Supp.2d 140 (S.D. Miss. 1996); *Rogers v. Allstate Ins. Co.*, 938 So.2d 871, 876 (Miss. Ct. App. 2006) (citing *Audobon Ins. Co. v.*

5

*Stefancik*, 98 F.Supp. 2d 751, 756 (S.D. Miss. 1999)).

Although State Farm may not be liable for economic losses, it concedes that Old St. Paul has made some allegations of property damage in its breach of contract claim. Specifically, Old St. Paul alleges damage to tangible property and loss of use of such property as a result of the subcontractors' negligent and deficient work, including but not limited to, a failure to properly install the roof and sheet rock, as well as the exterior walls and stucco. State Farm argues, however, that any such property damage falls within exclusion 11(f) to the policy and is therefore not covered.

Mississippi law provides that commercial general liability policies "are designed to provide liability protection for the general contractor and their subcontractors for accidental, inadvertent acts which breached accepted duties and proximately caused damage to a person or property." *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So.3d 1148, 1156 (Miss. 2010). While the policy grants the insured broad coverage for property damage, coverage is also narrowed by exclusions that restrict the coverage provided. *Id*. at 1155. Mississippi law also provides that the language in these exclusionary clauses is strictly interpreted and must be clear and unmistakable. *U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So.2d 956, 963 (Miss. 2008). Indeed, such exclusions are to be construed in favor of the insured. *Id*.

Exclusion 11(f) in the State Farm policy provides that there is no coverage for property damage to "that particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it." At first blush, it would appear that the property damage alleged by Old St. Paul falls within this exclusion because it was

caused by improperly performed work. The exclusion, however, also provides that it does not apply to property damage included in the "products completed operations hazard." As a result, the real question is whether the property damage alleged by Old St. Paul falls within the definition of a "products completed operations hazard." If it falls within that definition, the exclusion is not applicable and coverage may be available. If it does not, exclusion 11(f) applies and no coverage is available.

The insurance policy defines the "products completed operations hazard" as including all "property damage arising out of your product or your work except products that are still in your physical possession or work that has not yet been completed or abandoned." The policy then defines when work is deemed completed. As a result, if the property damage arises from work that has been completed or abandoned, it falls within the "products completed operations hazard." As a result, exclusion 11(f) would not apply and coverage may be available.

Here, State Farm argues that because it is undisputed that the work was not completed, the exclusion applies and there is no coverage. The problem with this argument is that Old St. Paul does not dispute that the work was uncompleted; rather, it has alleged that the work was abandoned. If the work was abandoned, it would fall within the "products completed operations hazard" and exclusion 11(f) would not preclude coverage. In its reply in support of the motion for summary judgment, State Farm argues for the first time that the work was not abandoned because Templebloc attempted to return in February of 2007 to complete the project and explained the reasons for its absence from the jobsite. It also states that the work

does not fall within the "products completed operations hazard" because the church actually terminated the contract. Clearly, there are questions of fact that remain as to whether the work was abandoned and the exclusion applies, and summary judgment is not appropriate on the breach of contract claim.

B.  Estoppel

In its complaint, Old St. Paul also alleges that State Farm should be estopped from disavowing coverage for any of its claims because it submitted certificates of insurance coverage to Old St. Paul, which the church relied upon. Specifically, State Farm submitted certificates stating that the policy covered "products - completed operations" and "contractual liability."

The problem with this argument is that the certificates of insurance do not alter the terms of the policy as set out in the policy. *See Brown v. Progressive Gulf Ins. Co.*, 30 So.3d 355, 360 (Miss. Ct. App. 2009). Here, the certificates clearly state that "the insurance described in these policies is subject to all the terms, exclusions, and conditions of those policies." Accordingly, summary judgment is granted on Old St. Paul's claim for estoppel against State Farm.

C.  Violations of Ark. Code Ann. § 23-65-101(f)

Summary judgment is also granted in favor of State Farm on Old St. Paul's claims against Templebloc and Blockett for violations of Ark. Code Ann. § 23-65-101(f) and the unpaid judgment against FNIG.

Old St. Paul alleges that Templebloc and Blockett violated state law by aiding and

negotiating procurement of the fraudulent bonds from FNIG and, as a result, may be held strictly liable for the unpaid judgment against FNIG. It further alleges that this is a covered loss under the State Farm insurance policy. In support of this claim, Old St. Paul relies in part on the fact that the certificates of insurance purport to offer coverage for "contractual liability." As stated in section III.B, this is not a sufficient basis for finding that the insurance policy provides coverage for Templebloc and Blockett's violations of state law and for the unpaid judgment against FNIG.

Old St. Paul also argues that the damages caused by Templebloc and Blockett's violations of Ark. Code Ann. § 23-65-101(f) are covered because they arose as a result of property damage. This argument is based on language in the policy that says State Farm "will pay those sums that [Templebloc] becomes legally obligated to pay as damages because of" property damage.

Even assuming that Templebloc and Blockett are strictly liable for the judgment against FNIG, there is nothing in the CGL policy suggesting that State Farm is obligated to defend or indemnify Templebloc and Blockett for such liability. Old St. Paul has not provided any authority under Mississippi law to support a finding that these are covered damages under the State Farm policy. As provided in section III.A, such pecuniary losses are not damage to tangible property, even when the underlying action is based on allegations of property damage.

Accordingly, State Farm's motion for summary judgment is granted on the claims against Templebloc and Blockett for violations of Ark. Code Ann. § 23-65-101(f).

IV. CONCLUSION

For the reasons discussed above, State Farm's motion for summary judgment [Doc. No. 40] is granted in part and denied in part. It is granted as to Old St. Paul's claims against State Farm for estoppel and against Templebloc and Blockett for violations of Ark. Code Ann. § 23-65-101(f). It is denied as to the breach of contract claim.

IT IS SO ORDERED this 23rd day of July 2013.

_____
UNITED STATES DISTRICT JUDGE